# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DONALD ALAN KERNAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER DEE, KRISTINE KERIG, JAMIE WHITLEY, MARCELLA DEPETERS, STATE PUBLIC DEFENDER'S OFFICE, MILWAUKEE COUNTY, WISCONSIN DEPARTEMENT OF CORRECTIONS DIVISION OF COMMUNITY CORRECTIONS, and WISCONSIN DEPARTMENT OF CORRECTIONS DIVISION OF HEARINGS AND APPEALS, <br><br> Defendants. | Case No. 25-CV-80-JPS <br><br> **ORDER** |

Plaintiff Donald Alan Kernan, Jr., a prisoner proceeding pro se, filed a complaint in the above captioned action along with a motion to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. ECF Nos. 1, 2. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1. **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.*

§ 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 24, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $15.29. ECF No. 7. Plaintiff paid that fee on March 4, 2025. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff's case revolves around the construction of a special condition for his extended supervision. ECF No. 1 at 4. Plaintiff alleges the judge created/stipulated to a special condition on extended supervision that was "fatally vague" and did not provide him sufficient notice. *Id.* Plaintiff indicates that his case is not about challenging his revocation or about racial discrimination. *Id.* at 8. The facts are whether Defendants mitigated their behavior. *Id.* Plaintiff was released from prison and extradited to another state. *Id.* Plaintiff successfully rebuilt his life after incarceration. *Id.* Unethical operators manipulated the administrative law to destroy his success story. *Id.*

On August 26, 2024, Plaintiff's extended supervision was revoked because he was "acting as a fiduciary." *Id.* Plaintiff did not agree with or understand the revocation. *Id.* Plaintiff's supervision had previously been revoked on May 4, 2023. *Id.*

On February 28, 2024, Plaintiff's supervision appointment had been scheduled for 3:30 p.m. *Id.* Plaintiff, an overachiever, showed up early at 2:00 p.m. because he had an important client meeting at 3:15 p.m. *Id.* Plaintiff sat in the waiting room reviewing his meeting notes and received a call from his father. *Id.* Plaintiff received sad news from this father when his agent, Lajerrica Foster ("Foster"), arrived for Plaintiff's interview. *Id.* at 9. Foster told Plaintiff they had transferred his case to her only two hours prior. *Id.* Foster told Plaintiff she had a few things to go over with him and suddenly ten people rushed to snatch Plaintiff's phone away from him. *Id.*

Previously, in February 2017, Plaintiff was sentenced to four years of initial confinement and five years of extended supervision. *Id.* The presiding judge was Defendant Christopher Lee and Plaintiff's attorney was Defendant Marcella DePeters. *Id.* Judge Lee stipulated conditions of extended supervision, which included that Plaintiff "may not act as a feduciary." *Id.* Plaintiff notes his judgment of conviction contains this spelling error because "fiduciary" was misspelled for "feduciary." *Id.* This spelling error will become relevant later. *Id.*

On August 27, 2019, Plaintiff was released from Wisconsin prison, transferred to Racine County Jail, and extradited to Lake County Jail in Illinois. *Id.* Plaintiff's Illinois case was resolved with four years credit from Wisconsin and Plaintiff was sentenced to time-served and two years parole to run concurrent with his Wisconsin extended supervision. *Id.* The Illinois DOC prohibited Plaintiff from leaving Illinois and he had no immediate family resources. *Id.*

Plaintiff rebuilt his life and began a successful career with UPS. *Id.* Plaintiff discharged from Illinois DOC while under an interstate compact with Wisconsin. *Id.* Plaintiff was forced to come back to Wisconsin when

the Regional Chief, Neil Thoreson, told him they would issue him an emergency instate compact. *Id.* When Plaintiff returned, however, the Wisconsin DOC pushed to revoke him. *Id.* Attorney Allison Ritter vigorously defended Plaintiff for nine months but he was ultimately revoked based on an unsubstantiated theory that he acted as a fiduciary. *Id.*

On September 11, 2023, Plaintiff was released from custody again and he began to rebuild his life. On February 28, 2024, Plaintiff was placed in custody again for vague allegations with zero substance. *Id.* at 9–10. Defendant Administrative Law Judge Kristine Kerig ("Kerig") found that Plaintiff was not guilty for the initial reason he was placed in custody. *Id.* at 10. However, Kerig still revoked Plaintiff for acting as a fiduciary. *Id.* Plaintiff pointed out this vague condition at the hearing and Kerig told him there were forms to file to fix the condition. *Id.*

### 2.3   Analysis

Plaintiff brings allegations related to his state revocation proceedings. However, it is not entirely clear what claims Plaintiff attempts to bring in this action. First, to the extent Plaintiff seeks release from his present confinement, such a claim must be made in a habeas petition, not a Section 1983 action. The Seventh Circuit holds that conditions of probation are a form of custody. *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). A challenge to those conditions is an attack on the fact or duration of the plaintiff's confinement, which "is the traditional function of the writ of habeas corpus." *Drollinger*, 552 F.2d at 1225. Plaintiff has not named the prison warden or expressly sought release, so the Court will not transform his complaint into a habeas petition. *Henderson v. Bryant*, 606 Fed. App'x. 301,

303–04 (7th Cir. 2015). Any such claim will have to be brought, if at all, in a separate proceeding.

Second, it is not entirely clear what claims, if any, Plaintiff attempts to bring in this action for damages. *Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015), is instructive on the types of claims that may apply to Plaintiff's factual allegations. Plaintiff may be seeking damages for having his supervision revoked based on the violation of release conditions that he contends are unconstitutional. As *Henderson* instructs, this type of claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). 606 F. App'x at 304 (Plaintiff "must first have the custody invalidated, either in state proceedings or through a federal collateral attack under 28 U.S.C. § 2254, before he can refile those claims and proceed under § 1983."). A petition for a writ of habeas corpus is the "appropriate remedy" for an individual raising a "constitutional challenge to the conditions and terms of probation." *Drollinger*, 552 F.2d at 1225. A challenge to those conditions is an attack on the fact and/or duration of the plaintiff's confinement, which "is the traditional function of the writ of habeas corpus." *Id.* As such, Plaintiff may not proceed on this type of claim. It appears likely that Plaintiff is attempting to bring this type of challenge and that his claims therefore would be *Heck*-barred.

Alternatively, Plaintiff may be seeking damages for having had to endure restrictive conditions of release (or abusive actions of the defendants) that did *not* lead to his revocation but which he contends to have been unconstitutional. *See Henderson*, 606 F. App'x at 304. "Because a successful damages action challenging those conditions or actions would not imply the invalidity of his current confinement, *Heck* does not bar a

Page 6 of 12
Case 2:25-cv-00080-JPS    Filed 04/16/25    Page 6 of 12    Document 8

§ 1983 claim challenging them." *Id.* (citing *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005)).

The *Henderson* court, however, identified a different hurdle this type of claim may face: "insofar as they seek damages from the defendants for enforcing release conditions that a court specifically ordered, the defendants may be protected by absolute quasi-judicial immunity, which would bar any recovery." *Id.* (citing *Richman v. Sheahan,* 270 F.3d 430, 436–38 (7th Cir. 2001); *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1239 (7th Cir. 1986)). *Henderson* cautioned that it was "too soon to treat these claims as blocked by absolute immunity" at the early screening stage for two reasons. *Id.* First, "a claim that a defendant enforced a court order in an unconstitutional *manner* is not necessarily barred by quasi-judicial immunity. *Id.* at 305 (emphasis in original) (citing *Richman,* 270 F.3d at 436). Second, no defendants have been served yet to advance any defenses, "which the district court should ordinarily consider in the first instance." For this reason, Plaintiff may be able to proceed on this type of claim. The Court will allow Plaintiff the opportunity to amend his complaint based on this information.

Third, Plaintiff cannot proceed against his criminal defense attorney. Plaintiff does not state whether Attorney DePeters was a public defender or private counsel retained by the public defender's office. Under either circumstance, however, Plaintiff's § 1983 claim against Attorney DePeters fails because "a lawyer is not a state actor when he [or she] performs the traditional function of counsel to a defendant in a criminal case." *Walton v. Neslund*, 248 F. App'x 733, 733 (7th Cir. 2007). Thus, Attorney DePeters did not act under color of state law and cannot be held liable under § 1983.

Fourth, Plaintiff may not proceed against the State Public Defender's Office, the Wisconsin Department of Corrections Division of Community Corrections, or the Wisconsin Department of Corrections Division Hearings and Appeals. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." *Andreola v. Wisconsin*, 171 F. App'x 514, 515 (7th Cir. 2006). As an agency of the State of Wisconsin, these institutions are not a proper § 1983 defendant.

Finally, Plaintiff may not proceed against Milwaukee County. Section 1983 grants a private right of action against a "person" who acts under color of state law to deprive another of rights under federal law, including the Constitution. A key part of § 1983's doctrinal structure is the difference between individual and governmental liability. In *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), the United States Supreme Court found that a plaintiff may proceed against a municipal government so long as a constitutional violation was caused by: (1) an express government policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. 436 U.S. at 690–91; *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). Municipal liability may be extended to private corporations contracted with a government entity that is acting under color of law. *See Howell v. Wexford Health Sources, Inc.,* 987 F.3d 647, 653 (7th Cir. 2021).

Here, Plaintiff does not allege any facts to state a *Monell* claim against Milwaukee County. He makes no mention of the failure to train or any

unconstitutional policy, customs, or practice. As such, Plaintiff may not proceed on a *Monell* claim.

The Court will allow Plaintiff the opportunity to amend his complaint. Plaintiff may amend his complaint on or before **May 8, 2025**. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the prior complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint

is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **May 8, 2025**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $334.71 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall

forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **<u>IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE</u>**.