# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONALD ALAN KERNAN, JR.,

          Plaintiff,

v.

CHRISTOPHER DEE, KRISTINE KERIG, JAMIE WHITLEY, CRAIG POSSELT, LAJERRICA FOSTER, and YVONNE GREEN,

          Defendants.

Case No. 25-CV-80-JPS

**ORDER**

      Plaintiff Donald Alan Kernan, Jr., a prisoner proceeding pro se, filed a complaint in the above captioned action along with a motion to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. ECF Nos. 1, 2. On April 16, 2025, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 8. On April 28, 2025, Plaintiff filed a motion for an extension of time. ECF No. 9. On May 12, 2025, Plaintiff filed an amended complaint. ECF No. 10. The Court will deny as moot Plaintiff's motion for an extension of time. The remainder of this Order screens the amended complaint.

1.     **FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

Plaintiff's case revolves around the construction of a special condition for his extended supervision. ECF No. 10 at 8. Plaintiff alleges the

judge created/stipulated to a special condition on extended supervision that was "fatally vague" and did not provide him sufficient notice. *Id.* Plaintiff indicates that his case is not about challenging his revocation or about racial discrimination. *Id.* at 7. The facts are whether Defendants mitigated their behavior. *Id.* Plaintiff was released from prison and extradited to another state. *Id.* Plaintiff successfully rebuilt his life after incarceration. *Id.* Unethical operators manipulated the administrative law to destroy his success story. *Id.*

On August 26, 2024, Plaintiff's extended supervision was revoked because he was "acting as a fiduciary." *Id.* Plaintiff did not agree with or understand the revocation. *Id.* Plaintiff's supervision had previously been revoked on May 4, 2023. *Id.* On February 28, 2024, Plaintiff's supervision appointment had been scheduled for 3:30 p.m. *Id.* Plaintiff, an overachiever, showed up early at 2:00 p.m. because he had an important client meeting at 3:15 p.m. *Id.* Plaintiff sat in the waiting room reviewing his meeting notes and received a call from his father. *Id.* Plaintiff received sad news from his father when his agent, Lajerrica Foster ("Foster"), arrived for Plaintiff's interview. *Id.* at 8. Foster told Plaintiff they had transferred his case to her only two hours prior. *Id.* Foster told Plaintiff she had a few things to go over with him and suddenly ten people rushed to snatch Plaintiff's phone away from him. *Id.*

Previously, in February 2017, Plaintiff was sentenced to four years of initial confinement and five years of extended supervision. *Id.* The presiding judge was Defendant Christopher Lee. *Id.* Judge Lee stipulated conditions of extended supervision, which included that Plaintiff "may not act as a feduciary." *Id.* Plaintiff notes his judgment of conviction contains

Page 3 of 7
Case 2:25-cv-00080-JPS    Filed 08/25/25    Page 3 of 7    Document 13

this spelling error because "fiduciary" was misspelled for "feducary." *Id.* This spelling error will become relevant later. *Id.*

On August 27, 2019, Plaintiff was released from Wisconsin prison, transferred to Racine County Jail, and extradited to Lake County Jail in Illinois. *Id.* Plaintiff's Illinois case was resolved with four years credit from Wisconsin and Plaintiff was sentenced to time-served and two years parole to run concurrent with his Wisconsin extended supervision. *Id.* The Illinois DOC prohibited Plaintiff from leaving Illinois and he had no immediate family resources. *Id.*

Plaintiff rebuilt his life and began a successful career with UPS. *Id.* Plaintiff discharged from Illinois DOC while under an interstate compact with Wisconsin. *Id.* Plaintiff was forced to come back to Wisconsin when the Regional Chief, Neil Thoreson, told him they would issue him an emergency interstate compact. *Id.* When Plaintiff returned, however, the Wisconsin DOC pushed to revoke him. *Id.* Attorney Allison Ritter vigorously defended Plaintiff for nine months, but he was ultimately revoked based on an unsubstantiated theory that he acted as a fiduciary. *Id.*

On September 11, 2023, Plaintiff was released from custody again and he began to rebuild his life. On February 28, 2024, Plaintiff was placed in custody again for vague allegations with zero substance. *Id.* at 8–9. Defendant Administrative Law Judge Kristine Kerig ("Kerig") found that Plaintiff was not guilty for the initial reason he was placed in custody. *Id.* at 10. However, Kerig still revoked Plaintiff for acting as a fiduciary. *Id.* Plaintiff pointed out this vague condition at the hearing and Kerig told him there were forms to file to fix the condition. *Id.*

3.  **ANALYSIS**

Plaintiff has not meaningfully amended his complaint in order to aid the Court in understanding his claims. Plaintiff's amended complaint again suffers from a lack of factual detail, and it largely makes only conclusory allegations about Defendants' wrongdoing. However, to the extent that the Court understands Plaintiff's allegations, Plaintiff seems to take issue with Defendants' actions that directly led to his revocation and reincarceration; these claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff filed his complaint under 42 U.S.C. § 1983. However, a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Id.* at 481. As explained in *Heck,* a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* This bar applies unless the underlying conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. This same bar applies unless a plaintiff's state court revocation proceeding has already been overturned. *See Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (recovery in a federal challenge "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit.").

Here, Plaintiff appears to allege constitutional violations against Defendants that led to his revocation and incarceration. Since nothing in Plaintiff's pleadings suggests his conviction has been invalidated or called

Page 5 of 7
Case 2:25-cv-00080-JPS   Filed 08/25/25   Page 5 of 7   Document 13

into question, his challenges to these proceedings are *Heck*-barred. The Court has given Plaintiff the opportunity to amend his complaint and finds that further amendment would be futile. As such, the Court will dismiss Plaintiff's amended complaint without prejudice. *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019).

## 4. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time, ECF No. 9, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** because it is *Heck*-**barred**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.